Mr. Chiee. Justice Bingham
delivered the opinion of the Court:
In the case of William P. Kellogg against Henry D. Cooke and Allen G. Campbell, partners under the firm name of H. D. Cooke & Co., and 'Horace S. Cummings, trustee, the material averments of the bill are:
*434 That on or about the 23d day of October, 1884, the firm of H. D. Cooke & Co., composed of Henry D. Cooke and Allen G. Campbell, and of no other person or persons, suspended payment and closed the doors of its banking house and made a certain indenture, whereby they assigned, to the defendant Cummings all the assets of the firm, “of whatsoever kind and nature, and all the estate, real and personal, belonging to the said firm, and in which they had any interest, of whatsoever kind, and wherever situated; and all claims held by said firm against any person or persons,'and all debts due to said firm, in trust, to take possession and sell the same upon such terms and in such manner as to'the said Horace S. Cummings might seem best, and out of the proceeds (1) to pay the necessary expenses of the trust and a commission of 5 per centum to the trustee, (2) to pay to certain preferred creditors sums amounting to $29,900; (3) to pay other' creditors of said firm in full, or to pay them pro rata in case sufficient moneys should not be realized to pay such creditors in full; and (4) to pay the remainder to the members of said firm, all of which will more fully appear from said deed of trust as it is recorded.”
The bill further alleges that the plaintiff was, and still is, a creditor of the said firm of H. D. Cooke & Co., and was intended to be provided for as one of the “ various persons ” referred to in the assignment; and that said firm is indebted to the plaintiff in the sum of $5,687.69.
Thatj directly said deed of trust was made and recorded, the said Cummings, as trustee, took possession of the property so conveyed to him “and has since had, and now has, the sole control, management and disposition thereof, but has not rendered to this plaintiff or to the other creditors of said firm, so far as the plaintiff is informed, any proper account of the assets or liabilities of said firm, or of the disposition of said assets, or of the moneys received thereupon, or of the payments made therewith. That the plaintiff is informed and believes, and upon information and belief *435 charges, that the said defendant, Horace S. Cummings, trustee as aforesaid, has disposed of a considerable, if not the greater, portion of the said assets' which have come into his hands as trustee as aforesaid, and has paid certain preferred creditors, but has not used the proceeds of said assets in paying the unsecured creditors of said firm pro rata, but has paid, and caused to be paid, some of the unsecured creditors in full, and has refused to pay to others of said creditors, including the plaintiff, any part of his claim.”
Among other things, the complainant prays:
“That the said defendant, Horace S. Cummings,-may be enjoined from disposing of or 'paying out any property or moneys which he has received under said deed of trust, and which still remain in his possession or under his control, and be required to deliver to a trustee, to be appointed by this Court, all the books and papers of every description heretofore belonging to the said firm of H. D. Cooke & Co., and all the property of said firm of whatever kind, and all the moneys belonging or pertaining to said estate, and account for all moneys heretofore received,' paid out and disposed of by him as such trustee under the said deed of trust.”
The answer of the defendant, Cummings, admits the assignment to him, and avers that “of the debt of $5,687.69 claimed by the said Kellogg, he has paid, and the said Kellogg has accepted on account thereof, a pro rata payment of 50 per cent., and that no creditor'of said estate has ever been paid by this defendant more than the sum of 50 per cent, upon his claim against said estate.”
“ He admits that since the assignment he has had, and now has,,the sole control, management and disposition of the assets thereof; but he denies that he has not rendered to the said Kellogg, or to the other creditors of said firm, any account of the assets and liabilities of the said firm or the disposition of said assets, or of the moneys received therefrom, or of the payments made therewith.”
*436 “ On the contrary, he says his books of account as trustee of said estate have ever been open to the said Kellogg, and to any of the creditors of the estate; and that he has always given, and stands ready to give, any information respecting his accounts, receipts, expenditures and doings as assignee of said estate, to any party interested therein, including the plaintiff; and, moreover, the said Kellogg has been especially asked by this defendant to examine the books and accounts of this defendant as trustee of said estate, but has refused so to do.”
“He denies that he has paid, or caused to be paid, some or any of the unsecured creditors in full, or that he has refused to pay some or any of the unpreferred creditors, including the said Kellogg, a part of their claims; and he denies each and every allegation in said bill which in any way may be construed as averring that this defendant has not to this date fully, faithfully and properly performed the duties of the trust imposed upon him by said assignment, and does not intend to continue so doing. The defendant here offers to the Court, although not called upon so to do, the following brief statement of the condition of the said trust as it came into his hands and as it now stands, so far as it has been administered by this defendant:”
“ The books of said H. D. Cooke & Co. showed liabilities to the creditors of said firm on the 23d day of October, 1884, to be as follows: Secured, debts, $68,070; preferred debts, $29,592.88; general debts, $123,876.88; number of creditors, 146. On the 5th day of June, 1887, the liabilities of the estate were as follows: Preferred debts, none; secured debts, none; general debts, $21,000. Number of creditors, 16. On the 30th of November, 1887, the liabilities stood, still further reduced, as follows: General debts, $8,148.07; number of creditors, 8.” .
“This statement shows that the defendant has, since the date of said assignment, reduced the indebtedness of the estate from $221,539.45 to $8,148.07, and the number of *437 creditors from 146 to 8. This reduction has been made notwithstanding that at the time of the assignment the assets, exclusive of the collaterals pledged to the payment of the secured debts, were comparatively worthless — that is to say, they would have been so if any attempt had been then made to realize immediáte cash upon them, for there was scarcely a single item that would have sold for more than a nominal price at that time. The said assets were composed of overdrawn accounts, overdue, notes, which had been refused payment and requiring litigation to collect, certificates, and other evidences of investment in various schemes, mining, railroad, canal, etc., which had then no value and could only be made valuable by patient and careful manipulation. It is true that this defendant’s duty under the assignment was to dispose of the assets as soon as may be, but if such duty meant an immediate disposition of them without reference to their marketable condition, to have done so would have been ruinous to the estate and unjust to the creditors, for there would not have been realized enough to pay the secured and preferred debts, leaving nothing whatever for the payment of the general creditors.
“ On the other hand, by a careful nursing of the estate, and with the aid rendered from funds not belonging thereto, and also with the assistance of friends of the firm of H. D. Cooke & Co., who were anxious to aid the creditors, as well as by the liberality of many of the creditors themselves, this defendant, acting as trustee and for the' best interest of all parties interested, has succeeded in reducing an indebtness of over $221,000 to a little over $8,000, although in no case has more than 50 per cent, been paid any creditor out of the funds of the estate; and in nearly every case these creditors, upon payment of said 50 per cent, have executed a full, free and voluntary release of all further demands against the estate. The present assets of the estate consist almost entirely of speculative securities, which are not immediately marketable at any price; but this defendant hopes, by the *438 same careful management in the future as in the past, to realize within a reasonable time enough from the same to pay, either in full or in part, the remaining obligations of the estate; and he deems it but proper to say, in this connection, that the figures above given, showing the reduction of the liabilities of the estate, do not include the payment of a single dollar to this defendant for services rendered as trustee.”
A replication was filed to this answer, and the Court below, before any testimony or proof was taken before a.n examiner, assumed that a case was made upon the pleadings by sending the case to the auditor to state an account with authority to take testimony. From that order of the Court the defendant has appealed.
The question presented to us is whether there was error or not in that order of the special term. It will be seen that the averment of the bill as to the partnership of Cooke and Campbell, and as to the fact of their insolvency and their making an assignment, and of the fact that the complainant is a creditor, is not denied by the answer. It is denied that he is entitled to recover the full sum which is claimed in the bill, but it is admitted that to the extent of one-half of that sum he is a creditor of Cooke & Co. It is not, however, averred in the answer that the defendant has furnished such an account to the creditors as they are entitled to. Iiis averment in that respect, after making a general denial, is that the books of H. D. Cooke & Co., and his own books, containing an account of his doings as trustee, have always been open to anyone interested to examine them; that he has invited the complainant in this case to examine his books and papers and vouchers, and that the complainant has refused to do so; but he does not state that he has ever furnished a full account of his proceedings, showing what assets came into his possession, what was the value of the assets, what he has realized out of those assets, in what manner he has realized it, and to whom this money *439 has been paid, when and on what account. None of these things have ever been furnished to creditors of the estate, so far as we can discover from the answer. This, we think, lacks what the creditors of the estate are entitled to have, viz., a full account of the proceedings of the trustee. We think that follows upon the conceded facts in the pleadings, the facts stated in the bill and conceded in the answer.
It is not sufficient to excuse a trustee from making this account that he avers that he has proceeded diligently and honestly m the execution of his trust; nor to say that there were a large amount of debts owing at the time of the assignment which he has reduced to a comparatively small sum; nor that there were a large number of creditors at that time and now there are but few. That is not sufficient. The creditors remaining, whose claims have not been paid, are entitled, as all of the creditors have been during the progress of the settlement of this estate, to an account of the doings of the trustee.

We think there was no error in the order of the Court below, and it is therefore affirmed.